UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ANGEL LUIS RODRIGUEZ,                               :

              Plaintiff,                    :        REPORT AND
                                                         RECOMMENDATION
      -against-                           :
                                                         15 Civ. 5251 (GBD) (GWG)
CORIZON HEALTH CARE et al.,               :

                                                  :
              Defendants.
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiff Angel Luis Rodriguez, proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that defendants Corizon Health Care, Dr. Ramos, and the City of New York were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]  For the following reasons, defendants' motion to dismiss should be granted with plaintiff offered the opportunity to replead.

I. ALLEGATIONS OF THE COMPLAINT

      For purposes of deciding the defendants' motion to dismiss, the Court assumes the allegations in Rodriguez's complaint are true and draws all reasonable inferences in his favor. See, e.g., Steginsky v. Xcelera Inc., 741 F.3d 365, 368 (2d Cir. 2014).  For such motions, a party's pleading "is deemed to include any written instrument attached to it as an exhibit or any

---

[1] See Notice of Motion, dated Dec. 11, 2015 (Docket # 19); Defendants' Memorandum of Law in Support of their Motion to Dismiss, dated Dec. 11, 2015 (Docket # 20) ("D. Mem."); Certificate of Service, dated Dec. 11, 2015 (Docket # 21).  Plaintiff has not responded to the motion, although he was twice directed to do so and was granted a sua sponte extension to do so. See Order, dated Apr. 19, 2016 (Docket # 24); Order, dated Feb. 17, 2016 (Docket # 23).

statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (citation omitted), cert. denied, 503 U.S. 960 (1992); accord Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). We therefore also consider the documents Rodriguez attached to his complaint.

At the time of the filing of the complaint, Rodriguez was incarcerated at the North Infirmary Command ("NIC") on Riker's Island. See Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (Prisoner Complaint), dated June 24, 2015 (Docket # 2) ("Complaint"), at 1. Rodriguez "suffer[s] from kidney cancer which causes severe pain." Id. at 3. He "was on methadone [and] oxycodone at home which was verified by medical staff." Id. Rodriguez's "vitals have been very high because the amount of pain [he is in] is not being properly addressed." Id. "All the [physicians' assistants] at NIC have documented [his] high blood pressure [and] high heart rate due to the amount of pain," and "they ordered BP-meds, not working." Id. Rodriguez alleges that his pain

> continues to get worse vitals are unstable, I recieved [sic] a small increase in pain meds, which is not enough, BP meds which do not help because I do not have high blood pressure, a tsA test done for thyroid function which was negative an EKG done to see if I can handle more pain meds, yet none was ever given.

Id.

Rodriguez states that the "oncologist at Bellevue Hospital" was involved in these events, and that "P.A. Joseph, P.A. Goerge, [and] P.A. Blain" were present when they occurred. Id. Rodriguez alleges that these events occurred between May 7, 2015, and June 15, 2015. Id. at 2.

There are no further substantive allegations in the complaint. On an attached Inmate Grievance and Request Program Statement Form dated June 1, 2015, Rodriguez requested that his housing unit be called for sick call earlier than 3:00 PM because he was "trying to get an adjustment on the medication [he was] taking or get it changed to something more helpful and

the only one who can approve this is Dr. Ramos." Id. at 17.[2] Dr. Ramos apparently was unavailable after 3:00 PM, so the plaintiff could not make his requests unless his housing unit changed the sick call to earlier in the day. See id.

One of plaintiff's medical records shows that he was prescribed morphine sulfate extended release tablets twice a day in June 2015, shortly before the filing of the complaint. Id. at 24. As defendants' memorandum of law notes, a National Institute of Health website indicates that morphine sulfate extended release tablets are used to manage "pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate." D. Mem. at 1-2 (citing Daily Med- MORPHINE SULFATE- morphine sulfate tablet, extended release, National Library of Medicine, http://dailymed.nlm.nih. gov/dailymed/drugInfo.cfm?setid=533034fd-c8e7-495b-8874-0db41bd1e65a) (last updated Oct. 31, 2014).

The plaintiff seeks $150,000 of relief for "deliberate indifference" because defendants "ignor[ed] obvious condition of pain"; $250,000 of relief for "pain [and] suffering" because defendants "knew of [his] condition [and] risk yet never acted . . . delaying treatment when it is obvious a condition of severe pain exist[s]"; and $500,000 for "future pain [and] suffering . . . because of lack of treatment pain has gotten worse and harder to get under control causing more pain." Complaint at 5.

II. APPLICABLE LAW

    A. Legal Standard Governing a Motion to Dismiss

A party may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where

---

[2] We use the page numbers assigned by the ECF system.

the opposing party's pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a court must accept as true all of the allegations contained in a complaint, that principle does not apply to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation, internal quotation marks, and brackets omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citation omitted), and thus a court's first task is to disregard any conclusory statements in a complaint, id. at 679.

Next, a court must determine if a complaint contains "sufficient factual matter" which, if accepted as true, states a claim that is "plausible on its face." Id. at 678 (citation and internal quotation marks omitted); accord Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion.") (citations omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Fed. R. Civ. P. 8(a) because it has merely "alleged" but not "'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R.

4

Civ. P. 8(a)(2)).

In the case of pro se plaintiffs, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be construed liberally and interpreted "'to raise the strongest arguments that they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, even pro se pleadings must contain factual allegations that "'raise a right to relief above the speculative level.'" Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

B.  Deliberate Indifference under 42 U.S.C. § 1983

To state a claim under section 1983, Rodriguez must show that he was denied a constitutional or federal statutory right and that the deprivation of such right occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not grant any substantive rights but rather "provides only a procedure for redress for the deprivation of rights established elsewhere," such as in the Constitution or federal statutes. See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), cert. denied, 512 U.S. 1240 (1994). Additionally, "'[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

To establish a violation of the Eighth Amendment arising out of inadequate medical treatment, a prisoner is required to prove "deliberate indifference to [his] serious medical needs."

5

Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).[3] The deliberate indifference standard consists of both a subjective prong and an objective prong. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995). To establish that a prison official was deliberately indifferent toward an inmate's health, a plaintiff must demonstrate: (1) that the plaintiff "had a serious medical condition," and (2) that the prison official was "deliberately indifferent" to that condition. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (citation and internal quotation marks omitted).

> As to the subjective component, the Second Circuit has explained that
>
> > the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." See Wilson v. Seiter, 501 U.S. 294, 298 (1991). That is, the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).
>
> Hill, 657 F.3d at 122. The Second Circuit has noted that
>
> > "[d]eliberate indifference" describes a mental state more blameworthy than negligence; but a plaintiff is not required to show that the defendant acted for the "very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (citing Estelle, 429 U.S. at 104). Deliberate indifference is "a state of mind that is the equivalent of criminal recklessness." Hathaway v. Coughlin ("Hathaway II" ), 99 F.3d 550, 553 (2d Cir. 1996). A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a

---

[3] Rodriguez does not state if he is a sentenced prisoner, who is protected by the Eighth Amendment's prohibition of cruel and unusual punishments, or a pre-trial detainee, who is protected by the Fourteenth Amendment's due process clause. The distinction does not matter inasmuch as the two Constitutional provisions afford the same protection from deliberate indifference. See, e.g., Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) ("[c]laims for deliberate indifference to a serious . . . threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment").

6

substantial risk of serious harm.'" Chance, 143 F.3d at 703 (quoting Hathaway II, 99 F.3d at 553).

Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005). Thus, "disagreements over medications, diagnostic techniques . . . forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); see also id. at 311 ("A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference. Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred.") (citations omitted); accord Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011).

Under the objective prong, the alleged medical need must be "sufficiently serious." Hathaway, 37 F.3d at 66 (citation and internal quotation marks omitted). A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." See id. (citation and internal quotation marks omitted). "Factors that have been considered include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (citations and internal quotation marks omitted). When the basis for an inmate's claim of deliberate indifference is a delay in the provision of medical treatment, the relevant concern is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." Smith v. Carpenter, 316 F.3d 178,

186 (2d Cir. 2003).

III. DISCUSSION

The defendants move to dismiss Rodriguez's complaint on three grounds: (1) that the complaint alleges neither a "sufficiently serious" deprivation of medical care nor that any official acted with "deliberate indifference," D. Mem. at 3-7; (2) Rodriguez does not allege personal involvement by Dr. Ramos, id. at 7-8; and (3) Rodriguez "[d]oes [n]ot [a]llege [a]ny [b]asis for [i]mposing [l]iability on the [m]unicipal [d]efendants," id. at 8. Because we find that the Complaint does not allege that any defendant acted with "deliberate indifference," it is not necessary to address the question of Dr. Ramos's personal involvement.

Rodriguez's allegations that his requests for stronger pain medication were "ignor[ed]" and that the medical staff "knew of [his] condition" and "disregard[ed]" it, Complaint at 5, do not state a deliberate indifference claim. He has not alleged any facts showing that a defendant "actually wished him harm, or at least, [was] totally unconcerned with his welfare." Hathaway, 37 F.3d at 69 (quotation marks and citation omitted). Indeed, his complaint and attachments indicate that medical personnel actively tried to help him manage his pain rather than "disregard[ing] an excessive risk to [his] health or safety." Farmer, 511 U.S. at 837. The plaintiff acknowledges that the defendants treated his kidney cancer and that he took medication for pain. See, e.g., Complaint at 3 ("I recieved [sic] a small increase in pain meds . . . ."); id. at 17 ("I am trying to get an adjustment on the medication I am taking . . . ."). Indeed, his medical records indicate that he has been prescribed pain medication. Id. at 24 (morphine sulfate). Rodriguez also states that he had "an EKG done to see if I can handle more pain meds, yet none was ever given." Id. at 3. These allegations show that the NIC staff responded to his complaints of pain by at least performing an EKG. Rodriguez's complaint is with the outcome of that test

8

— that it did not lead to stronger medication. In essence, he disagrees with the staff's medical judgment that the results of the EKG did not justify more pain medication, not that defendants knowingly or recklessly provided inadequate care.

Moreover, allegations that on some occasions medical personnel ignored some complaints, when a plaintiff has otherwise received treatment for his condition, do not state a deliberate indifference claim. E.g. Williams v. Williams, 2015 WL 568842, at *7 (S.D.N.Y. Feb. 11, 2015) (deliberate indifference claim dismissed where "Plaintiff does not allege that [the doctor] completely ignored his complaints about his finger. Rather, he alleges that she responded to his complaint by inquiring about his range of motion and conducting a visual inspection."); Nisvis v. New York State Dep't of Corr. Servs., 2013 WL 4757839, at *5 (S.D.N.Y. Sept. 4, 2013) ("That a nurse was dismissive of [plaintiff's] complaints of pain is insufficient to show deliberate indifference.") (citation omitted); Brown v. White, 2010 WL 985184, at *11 (N.D.N.Y. Mar. 15, 2010) (the fact that a nurse was "completely dismissive" of plaintiff's claims was insufficient by itself to support claim that she acted with deliberate indifference to a serious medical need) (citing cases); Fernandez v. Fed. Bureau of Prisons, 2001 WL 913929, at *2-3 (S.D.N.Y. Aug. 13, 2001) (deliberate indifference claim dismissed where plaintiff alleged that defendants "ignor[ed] his pleas for medical care for the pain he was experiencing," without more detail).

Because Rodriguez's allegations simply reflect a disagreement between him and his medical practitioners as to whether he was in need of further treatment, they do not state a claim of deliberate indifference. Sonds, 151 F. Supp. 2d at 312; accord Nisvis, 2013 WL 4757839, at *5; see also Hill, 657 F.3d at 123 (allegation that pain medication was insufficient did not state a deliberate indifference claim, noting that there was "no allegation that either medical provider

acted with a culpable state of mind."); Damato v. Ruiz, 2015 WL 3849187, at *2 (D. Conn. June 22, 2015) (deliberate indifference claim dismissed where prisoner alleged that doctor failed to give him medicine that would treat his pain, but "there is no allegation that [his doctors] refuse to treat him at all or that they bear him ill will."); Seymore v. Dep't of Corr. Servs., 2014 WL 641428, at *5 (S.D.N.Y. Feb. 18, 2014) (where plaintiff was provided with "prompt medical care" after an accident, and made "no allegation that medical personnel knew of or disregarded an excessive risk," deliberate indifference claim was dismissed); Rush v. Fischer, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013) ("The decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference . . . . [P]laintiff has provided no factual allegations that the decision . . . deviated from reasonable medical practice . . . much less that Nurse Gutouski acted with a culpable state of mind . . . ."); Harris v. Westchester Cty. Med. Ctr., 2011 WL 2637429, at *1, 3 (S.D.N.Y. July 6, 2011) (deliberate indifference claim dismissed where prisoner broke his finger, alleged that he was in constant pain for a week, was given ibuprofen, and requested stronger medication); Veloz v. State of N.Y., 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004) (deliberate indifference claim dismissed where plaintiff "[did] not offer any evidence or allegations that stronger medication was not provided for any reason other than a medical decision," when plaintiff was being treated in "an overall treatment plan" that included tests and visits with specialists).

Because we find that the plaintiff fails to allege that he suffered any constitutional injury, he also has not stated a claim against Corizon Health Care and the City of New York. See Complaint at 2; see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (to prevail on a § 1983 claim against a municipality, a plaintiff must prove, inter alia, a "constitutional tort."); accord Segal v. City of N.Y., 459 F.3d 207, 219 (2d Cir. 2006) (where "district court

10

properly found no underlying constitutional violation," it was not necessary to consider claims of municipal liability under Monell).[4]

IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Docket # 19) should be granted. Rodriguez should be given leave to file an amended complaint in the event he is able to correct the deficiencies identified in this Report and Recommendation by pleading facts that would state a claim against defendants. See Cortec Indus., Inc., 949 F.2d at 48 ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.") (citations omitted).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner

---

[4] Defendants concede that Corizon Health Care "is considered a municipality in the § 1983 context because, by providing medical care in prisons, it 'performs a role traditionally within the exclusive prerogative of the state.'" D. Mem. at 8 (quoting Bess v. City of N.Y., 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013)). See, e.g., Davis v. McCready, 2016 WL 796847, at *5 n.6 (S.D.N.Y. Feb. 22, 2016) ("Corizon is treated as a municipality for these purposes because it is performing the traditionally public function of providing medical care at Rikers Island.") (citations omitted).

& Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 6, 2016
      New York, New York

                                             GABRIEL W. GORENSTEIN
                                             United States Magistrate Judge

Copies sent to

Angel Luis Rodriguez
349-15-03130
North Infirmary Command (NIC)
15-00 Hazen Street
East Elmhurst, NY 11370

Counsel by ECF