UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANGEL LUIS RODRIGUEZ,

                    Plaintiff,

       -against-                     MEMORANDUM DECISION
                                             AND ORDER
CORIZON HEALTH CARE, CITY OF NEW
YORK, DR. RAMOS,                       15 Civ. 5251 (GBD) (GWG)

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Angel Luis Rodriguez ("Plaintiff") brings this action against defendants Corizon Health Care and the City of New York, and individual defendant Dr. Ramos (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 2.) According to Plaintiff, Defendants violated his constitutional rights during his detention at the North Infirmary Command ("NIC") on Rikers Island.[1] Specifically, Plaintiff alleges that Defendants violated his Eighth Amendment rights when they failed to provide adequate medical treatment for his kidney cancer pain, which amounted to "deliberate indifference" because Defendants "ignor[ed] obvious condition of pain." (Report, at 3 (citing Compl. at 5).) According to Plaintiff, this conduct caused him pain and suffering because they "knew of [his] condition [and] risk yet never acted . . . delaying treatment when it is obvious a condition of severe pain existed." (*Id.*) Plaintiff further

---

[1] Plaintiff does not state whether he is a sentenced prisoner protected by the Eighth Amendment's prohibition on cruel and unusual punishment or a pre-trial detainee protected by the Fourteenth Amendment's due process clause. However, the Report properly noted that the distinction is immaterial, as both constitutional provisions afford the same protection from deliberate indifference and require the same substantive analysis for a §1983 claim. (*See* Report and Recommendation ("Report"), ECF No. 25, at 6 n.3.)

alleges that Defendants' lack of treatment also caused him "future pain [and] suffering" as his "pain has gotten worse and harder to get under control causing more pain." (*Id.*)

Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss, ECF No. 19; Defs.' Mem. in Supp. of Mot. to Dismiss ("Mem."), ECF No. 20.) Plaintiff failed to file opposition papers before January 13, 2016, contravening Magistrate Judge Gabriel Gorenstein's December 14, 2015 Order, (ECF No. 22), and despite Judge Gorenstein's sua sponte deadline extensions. (ECF Nos. 23-24.)

Before this Court is Magistrate Judge Gorenstein's June 6, 2016 Report recommending that Defendants' motion to dismiss be granted, with leave to amend the Complaint if amendment would not be futile. (Report, at 11.)

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 11); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed.

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12–CV–6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, No. 14-CV-6146, 2016 WL 319863, at *3 (S.D.N.Y. Jan. 25, 2016).

This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## II. PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM

The Report properly recommended that this Court dismiss Plaintiff's Eighth Amendment deliberate indifference claim for failure to state a claim. To survive a motion to dismiss, a § 1983

claim based upon "deliberate indifference to serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Plaintiff must allege that: (1) he objectively "had a serious medical condition," and (2) Defendants were subjectively "deliberately indifferent" to that condition. *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and internal quotation marks omitted).

As to the objective element, Plaintiff must show that the medical condition was one "of urgency, one that may produce death, degeneration, or extreme pain" to be sufficiently serious. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citation and internal quotation marks omitted). Courts consider "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" as part of the objective inquiry. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (citations and internal quotation marks omitted). More specifically, in deliberate indifference cases where a plaintiff alleges delayed provision of medical treatment, courts weigh the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

To satisfy the subjective element, Plaintiff must show that Defendants acted with a "sufficiently culpable state of mind" such that they: (1) "[knew] of and disregard[ed] an excessive risk to inmate health or safety"; (2) were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"; and (3) actually "dr[ew] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Second Circuit has noted that even "[a] showing of medical malpractice is . . . insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness[.]" *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.

4

2003) (internal quotations and citations omitted). A difference of opinion between a prisoner and prison officials regarding the specific course or extent of medical treatment he receives "does not, as a matter of law, constitute deliberate indifference." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (citations omitted). Accordingly, "disagreements over medications, diagnostic techniques . . . forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds" for a § 1983 deliberate indifference claim *Id.* at 312.

The Report properly found that Plaintiff's allegations amount to mere disagreement with the staff's medical judgment regarding the dosage of pain medication. Plaintiff made no allegations that Defendants "actually wished him harm, or at least, [were] totally unconcerned with his welfare." *Hathaway*, 37 F.3d at 69 (citation, original alterations, and quotation marks omitted). Indeed, the Complaint and incorporated documents "indicate that medical personnel actively tried to help him manage his pain[.]" (Report, at 8). For example, the Complaint alleges that Plaintiff has been prescribed morphine sulfate for pain, (Compl., at 24), had "an EKG done to see if [he] can handle more pain meds," (Compl., at 3), and received ongoing treatment for his kidney cancer. (Compl., at 3, 17.)

General allegations that Defendants had on some occasions ignored his complaints are insufficient to establish that Defendants "disregard[ed] an excessive risk to [his] health or safety[]", *Farmer*, 511 U.S. at 837, particularly where Plaintiff otherwise received treatment for his condition. *See, e.g.*, *Williams v. Williams*, 2015 WL 568842, at *7 (S.D.N.Y. Feb. 11, 2015); *Damato v. Ruiz*, 2015 WL 3849187, *2 (D. Conn. June 22, 2015) (dismissing prisoner's deliberate indifference claim because he failed to allege outright refusal of treatment or ill will). Here, Plaintiff alleges a disagreement with his medical practitioners over whether he required additional

5

treatment, not that Defendants knowingly or recklessly provided inadequate care. Accordingly, Plaintiff fails to state a claim for deliberate indifference. *See Sonds*, 151 F. Supp. 2d at 312.

The Report properly found that, without sufficient allegations of an underlying constitutional violation, Plaintiff fails to state a claim against municipal Defendants, Corizon Health Care and the City of New York. (*See* Report, at 10 (citing *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006)). Nor has he alleged that his harm was brought about by a city policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).

### III. CONCLUSION

Having reviewed Magistrate Judge Gorenstein's Report, this Court finds no clear error in it and adopts it in full. Defendants' Motion to Dismiss is GRANTED. The Complaint is DISMISSED, with leave to amend within 60 days of this Order, if amendment would not be futile.

The Clerk of Court is directed to close the motion at ECF No. 19.

Dated: New York, New York
      July 11, 2016

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge